```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
PEDRO CANELA-RODRIGUEZ, on his own    :
behalf and on the behalf of others    :
similarly situated,                   :
                                      :
                Plaintiff,            :
                                      :
        -v-                           :    09 Civ. 6588 (JSR)
                                      :
MILBANK REAL ESTATE and FRIEDA        :    MEMORANDUM
RODRIGUEZ, an individual,             :
                                      :
                Defendants.           :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/10

JED S. RAKOFF, U.S.D.J.

On July 24, 2009, plaintiff Pedro Canela-Rodriguez filed a complaint in the above-captioned action alleging various violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"). On February 9, 2010, defendants Milbank Real Estate ("Milbank") and Frieda Rodriguez moved for summary judgment. The Court received briefing on this motion and held oral argument on March 22, 2010.[1] By "bottom-line" Order dated July 6, 2010, the Court denied defendants' summary judgment motion. This Memorandum provides the reasons for that ruling.

---

[1] Additionally, in order to clarify the extent to which genuine issues of material fact precluded an award of summary judgment in defendants' favor, the Court held further proceedings on April 15, 2010, at which it received testimony by Canela-Rodriguez for this limited purpose. Cf. Fed. R. Civ. P. 43(c). Based on this testimony, the Court granted Canela-Rodriguez leave to file an amended complaint asserting additional causes of action for breach of contract and quantum meruit/unjust enrichment, which he duly filed on April 28, 2010. Defendants have not moved for summary judgment with respect to these additional claims. Canela-Rodriguez's additional testimony at the April 15 hearing, however, was not material to the Court's determination of the instant motion.

The undisputed facts relevant to this motion are as follows. Canela-Rodriguez began working for Milbank as a building superintendent on or about November 8, 2007. Defs' Local Rule 56.1 Statement ¶¶ 1, 3.[2] He was hired as an employee at will, and was responsible for two of Milbank's residential buildings in the Bronx. Id. ¶¶ 3-4, 9. He was paid a salary of $500 a week (which, assuming a forty hour workweek, amounts to $12.50 an hour), and lived for a year in a two-bedroom apartment at one of these buildings rent-free, with electricity paid by Milbank. Id. ¶¶ 5, 10-13. His duties as superintendent included supervising two porters, "interfac[ing]" with the property manager with respect to building matters, interacting with tenants, and meeting with and directing independent contractors hired to perform services at the buildings. Id. ¶¶ 14, 16-18. He maintained his own office where he kept records and work orders. Id. ¶ 19. He never wrote down the hours that he worked or kept records of such hours. Id. ¶¶ 20, 22. He was discharged sometime in January 2009. Id. ¶ 25.

In addition, Canela-Rodriguez testified at his deposition to the following facts. Although he started off working "normal" hours, nonetheless, after a manager named "Eric" left in or about February 2008, "everything went bad," and he began to have to work 105 hours a week. Pl's Opp. Aff, 3/5/10, Ex. A (Pl's Dep., 1/19/10), at 20, 44-45, 63. He based this estimate of his hours worked on his

---

[2] Citations to the defendants' Local Rule 56.1 statement of undisputed material facts incorporate the corresponding paragraphs of Canela-Rodriguez's response.

2

recollection that he used to "work from six o'clock in the morning until about eleven or twelve o'clock sometimes, some days." Id. at 47. In particular, he used to wake up at 6 a.m. to start work, and he had to check the boiler "all the time," or until 11 p.m., because it did not work. Id. at 48, 50-51.

In the first five causes of action in his original and amended complaints, Canela-Rodriguez asserts claims for minimum wage and overtime violations under FLSA and NYLL, as well as a claim for violations of the "spread of hours" compensation requirement under NYLL, which provides that employers must pay an additional hour's minimum wage for each day an employee works more than ten hours, see 12 N.Y.C.R.R. § 142-2.4. Defendants moved for summary judgment on all five claims, principally on the ground that Canela-Rodriguez has failed to establish a prima facie case that he worked more than forty hours per week and/or was paid less than the applicable minimum wage, which, pursuant to NYLL § 652, was $7.15 an hour. For the following reasons, the Court concluded that Canela-Rodriguez easily made a prima facie case as to his hours worked and wages paid, and accordingly denied defendants' motion.

As defendants concede, where, as here, "the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," "[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work"; rather, an employee may still make the requisite showing of a prima facie violation if he "proves that he has in fact performed work for

3

which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 66-67 (2d Cir. 1997) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946)) (internal quotation marks omitted). It is well settled that this burden may be met solely through a plaintiff's testimony as to his present memory and recollection. See, e.g., Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 331-32 (S.D.N.Y. 2009); Ramirez v. Rifkin, 568 F. Supp. 2d 262, 273 (E.D.N.Y. 2008). Here, Canela-Rodriguez's deposition testimony, which must be taken in the light most favorable to him for purposes of summary judgment, is that he began working over 100 hours a week by about February 2008. This creates a fact issue precluding summary judgment, notwithstanding defendants' challenge to the credibility of this testimony, which must await determination at trial. Cf. Mangoni v. Smith & Laquercia, LLP, 661 F. Supp. 2d 412, 417 (S.D.N.Y. 2009) ("The number of overtime hours that [plaintiff] worked is a question of fact. [Plaintiff] has provided evidence of the approximate number of hours for which she believes she is entitled to overtime compensation, and Defendants dispute this evidence. There is therefore a genuine dispute of material fact on the issue, rendering summary judgment unavailable to Defendants.").

To be sure, the defendants, in support of their argument that Canela-Rodriguez has failed to establish a prima facie case as to the alleged minimum wage and overtime violations, seize on what they claim are contradictions in Canela-Rodriguez's testimony and his

4

failure to recollect the hours that he worked. While these arguments might carry the day at trial, the Court finds that they are insufficient to prevail on summary judgment. While Canela-Rodriguez's testimony was at times imprecise as to the number of hours he worked, e.g., Pl's Dep. at 43 (testifying that he "did not do count [sic] of the time" and did not know how many overtime hours he worked), at other points during the deposition he clearly attested that he worked between 6:00 a.m. and 11:00 p.m, e.g., id. at 47-48, 50-51. To the extent there is any inconsistency in this testimony, it must be resolved in plaintiff's favor for purposes of the Court's resolution of this motion. Thus, this testimony as to plaintiff's recollection of the approximate hours that he worked is sufficient to survive summary judgment.

Additionally, the defendants rely on forms bearing Canela-Rodriguez's purported signature that indicate that he worked only five days a week. See Decl. of Marc J. Weinstein, 2/15/10, Ex. C. These documents are insufficient to preclude plaintiffs' claims as a matter of law for several reasons, including that these "timesheets," which actually bear the title "EXEMPT ATTENDANCE SHEET," do not specify how many hours on a particular day that Canela-Rodriguez worked. In addition, while Canela-Rodriguez does not dispute signing some of these sheets, see Defs' 56.1 ¶ 7, there is no evidence in the record indicating that these sheets accurately represented his hours worked or that the plaintiff, whose abilities to read, speak, or understand English are limited, understood what he was signing.

Alternatively, the defendants argue that Canela-Rodriguez is

exempt from FLSA and NYLL overtime requirements because he was an "employee employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1); see also 12 N.Y.C.R.R. § 142-3.2 (applying FLSA "executive" exemption to NYLL overtime requirements). In considering the applicability of this exemption, the Court notes that "[b]ecause the FLSA is a 'remedial law,' exemptions to the overtime pay requirement are 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit,'" and that "[t]he burden of proving that employees fall within such an exemption is on the employer." In re Novartis Wage & Hour Litig., 611 F.3d 141, 150 (2d Cir. 2010) (citations and internal quotation marks omitted). Against this background, it is apparent that this exemption does not entitle the defendants to summary judgment.

The proposition that an apartment superintendent with a "staff" of two porters should be treated as an "executive" is on its face dubious, and indeed falters when FLSA's defining regulations are consulted. These regulations provide, first, that this exemption does not apply to "to manual laborers or other 'blue collar' workers," including "non-management employees in maintenance . . . occupations" such as "electricians, mechanics, [and] plumbers." 29 C.F.R. § 541.3(a). In addition, the regulations clarify that this exemption applies only to an employee who, among other requirements, has a "primary duty" consisting of "management of the enterprise in which the employee is employed" and who "has the authority to hire or fire other employees or whose suggestions and recommendations as to

6

the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." Id. § 541.100(a)(2), (4). Here, Canela-Rodriguez's testimony is that he was a manual laborer whose primary duties were maintenance and repair work, and he has disputed defendants' contentions that he made recommendations as to the hiring and firing of porters or even discussed personnel matters with the defendants. See Defs' 56.1 ¶ 16. Accordingly, defendants fall short of showing that, based on undisputed facts, Canela-Rodriguez is an exempt "executive." Cf. Schmidt v. Emigrant Indus. Savings Bank, 148 F.2d 294 (2d Cir. 1945) (holding that apartment superintendent, who testified that his main work in the building was "to take care of small and minor repairs," was not an exempt executive).

In conclusion, Canela-Rodriguez, through his deposition testimony, has made a prima face case that he worked upwards of 100 hours per week, which would render his weekly salary of $500 well below the amount of remuneration necessary to comply with the minimum wage and overtime requirements of FLSA and NYLL or with the "spread of hours" compensation requirement particular to NYLL.[3] For this

---

[3] While the defendants claim that the minimum wage and overtime calculations should take into account the value of a rent-free apartment that they provided to Canela-Rodriguez and their payment of his electric bills, the plaintiff disputes the value of these amenities, and the defendants have not supported their valuations with any competent evidence. Thus, assuming arguendo that these items are permitted by law to be counted toward Canela-Rodriguez's minimum wage and/or overtime compensation, the Court concludes that the factual dispute as to their value renders these forms of compensation irrelevant to the resolution of the instant motion.

reason, the Court, by Order dated July 6, 2010, denied the defendants' motion for summary judgment in its entirety.

The parties are reminded that a final pre-trial conference has been scheduled for Monday, October 18, 2010 in Courtroom 14-B at 500 Pearl Street, New York, NY, at which time a firm date for the trial of all claims in the amended complaint will be set.

Dated: New York, NY
       September 18, 2010            JED S. RAKOFF, U.S.D.J.